UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>) No. 6:10-CR-42-GFVT<br>v. )<br>) RECOMMENDED DISPOSITION[1]<br>JERRY FUSTON, )<br>)<br>Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 8, 2011, the Court conducted a competency hearing in this matter, pursuant to 18 U.S.C. §§ 4241 and 4247(d). (*See* D.E. 30). For the reasons set forth herein, the Court **FINDS** that Defendant Jerry Fuston is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his own defense, and is therefore competent as that term is defined in 18 U.S.C. § 4241(a). The Court therefore **RECOMMENDS** that the District Judge find Defendant competent to face further proceedings in this matter, including trial.

The Court previously ordered that Defendant undergo psychiatric or psychological examination at the Federal Medical Center (FMC) in Lexington, Kentucky, to assist the Court in determining whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and

---

[1] The Court issues this order as a Recommended Disposition to preserve the parties' right to a full *de novo* review, if sought, before the District Judge and in recognition that competency may qualify as a dispositive issue. *See, e.g., United States v. Rivera-Guerrero*, 377 F.3d 1064, 1068-69 (9th Cir. 2004) (discussing nature of competency determination as potentially dispositive).

consequences of the proceedings against him or to assist properly in his defense.[2] (*See* D.E. 21, 23) (citing 18 U.S.C. § 4241(a)). Judith Campbell, Ph.D., examined Defendant at FMC Lexington from November 16, 2010, through February 1, 2011, and submitted a forensic report ("the Report") to the Court which set forth her conclusion that Defendant is currently competent to stand trial. (D.E. 28 at 8). The Court set a hearing upon receiving the Report, and directed the Clerk to file the Report in the record under seal and forward copies to counsel. (D.E. 27).

At the competency hearing on March 8, 2011, the parties stated they had had a sufficient opportunity to review the Report.[3] The parties stipulated to the admissibility of the Report, to the Report's conclusions, and to the qualifications of the examiner, Dr. Campbell. Both parties waived their rights to present other proof at the hearing outside the Report, as well as their rights to argue in opposition to the findings of the Report and to cross-examine Dr. Campbell. Importantly, both parties agreed that Dr. Campbell had applied the correct legal standard in reaching her conclusion that Defendant is currently competent to stand trial.

Section 4241 codifies the competency principles of *Dusky v. United States*, 80 S.Ct. 788 (1960). To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky v. United States*, 80 S.Ct. 788, 789 (1960); *see also* 18 U.S.C. § 4241(a) (phrasing test as whether a defendant is "unable to

---

[2]   Upon a proper motion by the Government the Court also ordered an examination pursuant to 18 U.S.C. § 4242(a), seeking the examiner's opinion as to whether Defendant was insane at the time of the offense charged. (*See* D.E. 21, 23). The issue of Defendant's sanity is not before the undersigned at this time, and this Recommended Disposition therefore focuses exclusively on Defendant's current competency, as defined in 18 U.S.C. § 4241(a).

[3]   Counsel for Defendant stated that he did not receive a copy of the Report as expected, although the Court had ordered a copy forwarded to counsel of record. (D.E. 27). Nevertheless, defense counsel stated that he secured a copy of the Report in advance of the hearing, had sufficient time to review its contents with his client before the hearing, and Defendant agreed on the record.

understand the nature and consequences of the proceedings against him or to assist properly in his defense."); *United States v. Nichols*, 56 F.3d 403, 410 (2nd Cir. 1995) (applying the "two-prong" competency test from *Dusky*). Section 4247(d) governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework **suggests** that the defense bears the burden, although the cases are in disagreement as to the burden allocation. *Compare United States v. Chapple*, No. 94-5048, 1995 WL 6147 at *2 (6th Cir. Jan. 6, 1995) (table) (burden is on United States, though without statutory analysis) and *United States v. Sally*, 246 F.Supp. 2d 970, 976 (N.D. Ill. 2003) (burden is on the United States) *with United States v. Simmons*, 993 F.Supp.168, 170 (W.D.N.Y. 1998) ("The burden to prove a lack of competence is on the defendant."). Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See, e.g., Medina v. California*, 112 S.Ct. 2572, 2579 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

With a stipulation as to both the admissibility and the substance of the Report, the only proof as to current competency is the expert analysis of Dr. Campbell. The Report reflects personal observation and interaction, psychological testing, and a thorough assessment of Defendant's status in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Campbell directly

3

observed Defendant via interviews, and subjected him to a battery of psychological tests. She also secured and reviewed relevant court records, and conducted telephone interviews with Defendant's appointed counsel and the attorney for the Government. The Report is therefore a thorough and comprehensive assessment of Defendant's mental and psychiatric condition.

Defendant was noted to interact appropriately with other inmates, and "demonstrated no functional impairment over the course of the evaluation." (D.E. 28 at 3). Defendant "displayed no episodes of bizarre behavior, confusion, agitation, aggression, or amnesia during the course of the evaluation." (*Id.*). Defendant underwent a comprehensive physical exam that "revealed no current medical problems which would impact his mental status." (*Id.* at 4). Defendant was, however, diagnosed with "Polysubstance Dependence, In a Controlled Environment, based on his reported history of long-term, chronic abuse of alcohol, marijuana, cocaine, oxycodone, hydrocodone, and methamphetamine, along with associated impairments in his functioning." (*Id.* at 7). But in spite of observing some impairment, Dr. Campbell notes that "[Defendant] has not demonstrated severely deteriorated cognitive functioning or severe psychosis or mood disturbance which interfered with his daily functioning or his ability to make rational, reality-based decisions for himself." (*Id.*). No severe mental illness was indicated. (*Id.* at 6).

Throughout the evaluation, Defendant was "oriented to person, place and time." (*Id.* at 5). Although intelligence testing indicated that Defendant's "intellectual and academic functioning is mildly impaired relative to the general population, *id.*, Dr. Campbell noted that:

> Mental status examinations suggested [Defendant] is able to perform the mental tasks required of a defendant with the assistance of counsel. Based on interactions with him over the course of the evaluation, [Defendant] is capable of appreciating the seriousness of his situation, discerning relevant information, comprehending information provided to him, considering his alternatives, communicating calmly and rationally with his attorney, asserting his preferences regarding how his case will be handled, and engaging in planning, problem-

4

solving, and decision-making tasks with his attorney. With redirection, he is able
to focus and concentrate on the task at hand and provide relevant information if he
so chooses.

(*Id.* at 6).

Dr. Campbell also opines that Defendant "possesses the functional capabilities necessary to proceed to trial," as evidenced by his ability to verbalize a factual and rational understanding of his pending legal proceedings. (*Id.* at 7). Defendant understood both "the role of a defense attorney as an advocate for the defendant . . ." and "the importance of a defendant working collaboratively with his attorney and conversing honestly about his case[.]" (*Id.* at 8). With "some redirection to remain focused . . . [Defendant] articulated the basic facts of his case in an organized, logical, and sequential manner, and is capable of doing, and willing to do the same with his attorney." (*Id.*). Further, Defendant understood "the adversarial nature of legal proceedings[,]" the roles of court personnel and of the jury, the meaning and implications of various pleas, and "motivation to achieve a favorable outcome to the pending proceedings and a willingness to work with his defense counsel in order to do so." (*Id.*).

Dr. Campbell concludes that Defendant does not appear to be suffering from a mental condition which would prevent him from proceeding competently to trial:

> [Defendant] displayed a factual and rational understanding of the proceedings against him and demonstrated sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. Therefore, based on the available information . . . [Defendant] is **not** currently suffering from a mental disease or defect rendering him mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or properly assist in his defense. Thus . . . [Defendant] **is** currently competent to stand trial.

(*Id.* at 8). It is clear that Dr. Campbell accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. The Report supports a finding that

both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

The Court also sought the insight of counsel for the defendant, Mr. Willis Coffey, who had initially requested the competency evaluation. Mr. Coffey stated at the March 8, 2011 competency hearing that Dr. Campbell had correctly applied the competency standard in reaching her conclusion, but elaborated on difficulties he has experienced in communicating with Defendant. Mr. Coffey was less sanguine than Dr. Campbell about his ability to successfully "redirect" Defendant when his mind wanders, a tactic that Mr. Coffey stated he had been trying since day one, and which sometimes works better than other times. Although Mr. Coffey stated his belief that Defendant's impairment has impeded his ability to present a defense, he declined to seek further examination or to oppose Dr. Campbell's conclusions. In light of the foregoing, and as stated on the record, Mr. Coffey is directed to advise the Court of any changes to Defendant's behavior that would warrant further examination, as well as any authority allowing for further examination.

For the reasons set forth herein, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the Court **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. Rule 59(b) requires that specific written objections be

filed within fourteen (14) days of service of this Recommended Disposition. Failure to object per Rule 59(b) waives a party's right to review.

This the 15th day of March, 2011.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge